**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marsha Grable,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>International Window Arizona, Inc., a California corporation; XYZ Corporations I-X; and Black and White Partnerships I-X; and Does I-X,<br><br>　　　　Defendants. | No. CV-08-0145-PHX-LOA<br><br>**NOTICE OF ASSIGNMENT AND ORDER** |

　　　　Pursuant to Local Rule ("LRCiv") 3.8(a), Rules of Practice, effective December 1, 2007, all civil cases are, and will be, randomly assigned to a U.S. district judge or to a U.S. magistrate judge. This matter has been assigned to the undersigned U.S. Magistrate Judge.

　　　　As a result of the aforesaid Local Rule, if all parties consent in writing, the case will remain with the assigned magistrate judge pursuant to 28 U.S.C. 636(c)(1) for all purposes, including trial and final entry of judgment. If any party chooses the district judge option, the case will be randomly reassigned to a U.S. district judge.  To either consent  to the assigned magistrate judge or to elect to have the case heard before a district judge, the appropriate section of the form, entitled Consent To Exercise Of

Jurisdiction By United States Magistrate Judge[1], must be completed, signed and filed. The party filing the case or removing it to this Court is responsible for serving all parties with the consent forms. Each party must file a completed consent form and certificate of service with the Clerk of the Court not later than 20 days after entry of appearance, and must serve a copy by mail or hand delivery upon all parties of record in the case.

Any party is free to withhold consent to magistrate judge jurisdiction without adverse consequences. 28 U.S.C. 636(c)(2); Rule 73(b), Fed.R.Civ.P.; *Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 913-14 (9th Cir. 2003) (pointing out that consent is the "touchstone of magistrate judge jurisdiction" under 28 U.S.C. §636(c). "A party to a federal civil case has, subject to some exceptions, a constitutional right to proceed before an Article III judge." *Dixon v. Ylst*, 990 F.2d 478, 479 (9th Cir. 1993) (citing *Pacemaker Diagnostic Clinic of Am. Inc. v. Instromedix, Inc.*, 725 F.2d 537, 541 (9th Cir. 1984) (*en banc*)).

A review of the Court's file indicates that Defendant International Window Arizona, Inc., filed a Notice of Removal on January 23, 2008.

Defendant shall have until **February 13, 2008**, within which to make its selection to either consent to magistrate judge jurisdiction or elect to proceed before a U. S. district judge. The Court's docket reflects the appropriate consent form was electronically transmitted to all counsel on January 23, 2008 by the Clerk's office.

Accordingly,

**IT IS ORDERED** that the Defendant International Window Arizona, Inc. shall file on or before **February 13, 2008** its written election to either consent to magistrate judge jurisdiction or elect to proceed before a United States district judge.

---

[1] The consent/election form may be obtained directly from the Clerk of the Court or by accessing the District of Arizona's web site at www.azd.uscourts.gov. To find the consent/election form on the District's web site, click on "Local Rules" at the top of the page, then click on "forms" on the left side of the page and then click on and print the appropriate form.

1    **IT IS FURTHER ORDERED** that Plaintiff shall either consent to proceed
2    before a magistrate judge or elect to proceed before a district judge by **February 13,**
3    **2008**.

4    **IT IS FURTHER ORDERED** that counsel and any party, if
5    unrepresented, shall hereinafter comply with the Rules of Practice for the United States
6    District Court for the District of Arizona, as amended on December 1, 2007.  The
7    District's Rules of Practice may be found on the District Court's internet web page at
8    www.azd.uscourts.gov/.  All other rules may be found as www.uscourts.gov/rules/.  The
9    fact that a party is acting pro se does not discharge this party's duties to "abide by the
10   rules of the court in which he litigates." *Carter v. Commissioner of Internal Revenue*, 784
11   F.2d 1006, 1008 (9th Cir. 1986).

12   DATED this 25th day of January, 2008.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge